IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Favre Slater, | |
| Plaintiff(s), | |
| v. | Case No. 19 C 7790<br>Judge Edmond E. Chang |
| Soren P. Spicknall, | |
| Defendant(s). | |

## ORDER

On review of the complaint, the Court dismisses the case without prejudice for lack of subject matter jurisdiction. The Plaintiff filed this case and invoked diversity jurisdiction. See R. 2, Civil Cover Sheet. But diversity jurisdiction is missing here because the Plaintiff has failed to allege complete diversity among the parties, and indeed has explicitly alleged a lack of diverse citizenship. 28 U.S.C. 1332(a); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen"). In other words, if the Plaintiff is a citizen of Illinois, then none of the Defendants may also be citizens of Illinois. It is true that the complaint is not entirely clear on citizenship because the complaint only alleges the residency and employment of the individual parties and the state of incorporation of the corporate parties, and what matters for purposes of diversity jurisdiction is citizenship, not residency. *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009). Individual citizenship is based on domicile. Corporate citizenship is based on both the state of incorporation and the principal place of business. In normal circumstances, the Court would ask the Plaintiff to submit a supplemental memorandum specifically identifying the citizenship of each party. But in this case, based on the allegations and the Civil Cover Sheet, the Plaintiff clearly intended to allege his citizenship as Illinois and to allege that at least one of the Defendants (the Illinois Institute of Technology) is also a citizen of Illinois. (Indeed, Defendant Spicknall might also be a citizen of Illinois.) This dismissal is not on the merits; that is, it is without prejudice to refiling the case in state court. A separate AO-450 judgment shall be entered. Status hearing of 01/06/2020 is vacate. If the Plaintiff believes that he can cure the subject matter jurisdiction problem, then he may file a motion to vacate judgment under the Federal Rules of Civil Procedure. Civil case terminated.

Date: 12/6/2019

*Edmond E. Chang*
Edmond E. Chang
United States District Court Judge